# BLACKWELL OIL & GAS CO. et al. v. ADAMS et al.

No. 23051. Opinion Filed Feb. 23, 1932.

Rehearing Denied March 22, 1932.

Ray Teague and Jas. C. Cheek, for petitioners.

Howard Wilson, for respondent.

KORNEGAY, J. This proceeding is brought to review the action of the Industrial Commission in making an award, which is as follows:

"Now, on this 17th day of October, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Blackwell, Okla., on October 12, 1931, before Chairman Thos. H. Doyle, to determine liability and extent of disability, at which hearing the claimant appeared in person, Howard Wilson, and the respondent and insurance carrier appeared by Hal Crouch and A. G. Crowe, and the Commission after reviewing the testimony taken at said hearing and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1. That in the latter part of March, 1931, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, consisting of an injury to the left hip and at the base of the spine.

"2. That the average wage of the claimant at the time of said accidental injury was $160 a month, or $6.04 per day.

"3. That the claimant did not lose any time beyond the five days' waiting period by reason of said accidental injury.

"4. That by reason of said accidental injury, the claimant's wage-earning capacity has decreased from $6.04 to $3.04, from and after June 12, 1931.

"5. That by reason of claimant's permanent partial disability as aforesaid, claimant is entitled to 66⅔ per centum of the difference between his average weekly wage and his wage-earning capacity thereafter, in the same employment, payable during the continuance of such partial disability, not to exceed 300 weeks.

"6. That the failure of the claimant to give written notice to the Commission and the employer within 30 days after the injury, was not prejudicial to the substantial rights of the respondent or insurance carrier, for under the facts in this cause the respondent had actual notice of said injury.

"Upon consideration of the foregoing facts, the Commission is of the opinion that the claimant is entitled to compensation at the rate of $11.54 per week for a period not to exceed 300 weeks from the 12th day of June, 1931, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest. That there is now due the claimant the sum of $207.72, or 18 weeks' compensation at the rate of $11.54 per week, as compensation computed from June 12, 1931, to October 16, 1931.

"It is therefore ordered, that within 15 days from this date, the respondent or insurance carrier pay to claimant the sum of $207.72, as compensation at the rate of $11.54 per week from June 12, to October 16, 1931, or 18 weeks' compensation, and to continue compensation thereafter to the claimant at the rate of $11.54 per week until a period of 300 weeks have been paid, or until otherwise ordered by the Commission, and to pay all medical expenses incurred by reason of said accidental injury.

"It is further ordered, that within 30 days from this date, the respondent or insurance carrier file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

The questions presented are purely questions of fact. They arise on the proposition of giving notice of the injury and of the resulting disability. If the positive testimony was believed, claimant was hurt as a result of an accidental personal injury while in the employ of the petitioner, and he gave notice verbally to one of the head men of the company in just a few days, the accident happening in March and the notice being given in early April of the year 1931.

In this case, by a formal order, the Commission excused the failure to give written notice, finding actual notice and lack of prejudice. This was a matter of fact to be determined by the Commission. It determined it in favor of the claimant. Our duty, under the statute, is plain, in view of the fact that there was evidence that would reasonably tend to support the finding.

As to the effect of the accident, we are

again met with the proposition as to questions of fact passed on adversely to the petitioners by the Industrial Commission. If the claimant was to be believed, though he had an enlarged testicle as a result of a former injury, he was injured about the back and hip as a result of the last accident, followed by inability to work and great physical pain and a muscular condition that rendered him unable to work. He was examined by an osteopath, who detailed the nature of the injury and on the whole made out a comparatively strong case on behalf of the claimant.

The petitioners attributed the injury largely to depressed financial condition and the lack of opportunity to work. According to the testimony of the osteopath, the claimant's inability to work came from the injury.

As to the notice, the testimony of claimant was positive, the testimony of the superintendent was negative, being largely based on "I don't remember."

Claimant was rigidly cross-examined, and it developed that while he had been injured some years ago, resulting in the enlarged testicle and the consequent swelling of the scrotum, that did not seem to bother him so far as doing the ordinary work of a warehouse man, but the last injury did so bother him.

One of the co-employees, introduced on behalf of the respondent and insurance carrier, testified that he first learned that the claimant asserted that he had been hurt after he quit work, which was about the 15th of June. Claimant was not required to make a complaint to him, he said.

An expert on behalf of the petitioners made an examination of the claimant, which appears to have been thorough, and his report was introduced as though it were a deposition. Giving full force and credit to it, subjective symptoms described were sufficient to show injury. The symptoms that were objective possibly indicated a tenderness over the inferior posterior iliac spine on the left, due to muscle contraction. appearing to be in some degree voluntary. There was a slight limp in the left leg, and a tendency to walk with the foot slightly outwardly rotated. Condition of the testicle was described, and its enlargement in 1926 and 1927 was to about twice the size it is now, and the statement is made that there is no evidence of pathology about the pelvis or lumbar spine, with an opinion that the examination to some degree was unsatisfactory. There was a statement about the back being kept in a rigid condition,

so as to simulate muscle rigidity, due to disease, and the tightening of the muscles in the back and those in the hips was voluntary. The pain that the claimant complained of was attributed by the examiner to neuralgia, resulting from the tumor of the left testicle, and possibly from oral sepsis.

The examiner goes further and says that it was learned that when claimant discontinued work on June 12, 1931, it was not due to his condition, but was due to lay off of work, and the expert gives as his opinion that there is no disability present as a result of the alleged accidental injury of March 31, 1931.

With this testimony before it, the Industrial Commission saw fit to make the award and to excuse want of notice. Under the statute regulating the matter, we should not change the findings. The award is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER and ANDREWS, JJ., concur. RILEY and CULLISON, JJ., dissent. SWINDALL and McNEILL, JJ., absent.